# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    **Plaintiff,**

        **v.**

RAFAEL ESPINAL-MIESES, *et al.,*

    **Defendants.**

**Criminal No.** 17-396 (FAB)

## OPINION AND ORDER

Before the Court are defendants Rafael Espinal-Mieses ("Espinal")'s and Francisco Batista-Reyes ("Batista)'s respective motions for application of the safety valve provision set forth in 18 U.S.C. § 3553(f) ("section 3553(f)," or "statutory safety value") and U.S.S.G. § 5Cl.2. (Docket Nos. 138 and 142.) Batista also moves for a two-level reduction in the computation of his sentencing guidelines pursuant to U.S.S.G. § 2D1.1(b)(17) ("section 2D1.1(b)(17)"). (Docket No. 142.) For the reasons set forth below, the Court **DENIES** Espinal and Batista's motions for application of the statutory safety valve, and reserves judgment regarding Batista's request for a two-level reduction pursuant to section 2D1.1(b)(17).

## I. Background

On June 28, 2017, a federal grand jury sitting in the District of Puerto charged Espinal, Batista, and Alberto De Los Santos ("De

Los Santos") with drug trafficking offenses in a four-count indictment. (Docket No. 14.) Counts one and three charge the defendants with violations of the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. § 70501 *et seq.* ("Title 46"). (Docket No. 14.) Count one alleges that the defendants conspired to possess with intent to distribute in excess of five kilograms of cocaine on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. § 70502(c)(1). Id. Count three charges the defendants with conspiracy to destroy property subject to forfeiture pursuant to the Comprehensive Drug Abuse Prevention and Control Act in violation of 46 U.S.C. § 70503(a)(2).[1] Id.

Of the three defendants, only De Los Santos entered into a plea agreement with the United States. (Docket Nos. 37 and 38.) On September 14, 2017, De Los Santos pled guilty to count two of the indictment. (Docket No. 37.) At sentencing, the Court imposed a 120-month prison sentence, the minimum statutory term of imprisonment. (Docket Nos. 80 and 81.)

Espinal and Batista elected to proceed to trial, which the Court set for April 2, 2018. (Docket No. 113.) On the day of trial, however, Espinal and Batista each entered a straight plea

---

[1] The remaining counts are not MDLEA offenses. Count two charges the defendants with conspiracy to import in excess of five kilograms of cocaine in violation of 21 U.S.C. §§ 952, 960 and 963. Id. Lastly, count four charges the defendants with failure to heave in violation of 18 U.S.C. § 2237. Id.

to all four counts of the indictment. (Docket No. 132.) Espinal
and Batista move for application of the safety valve provisions
provided in sections 3553(f) and 5C1.2. (Docket Nos. 138 and 142.)
Batista also requests a two-level reduction in the computation of
his sentencing guidelines pursuant to section 2D1.1(b)(17).
(Docket No. 142 at p. 1.) The United States contends that the
safety valve is unavailable to Espinal and Batista. (Docket
No. 138.) The Court agrees.

## II. The Maritime Drug Law Enforcement Act

The MDLEA enables law enforcement to foil the illicit
operations of "international drug traffickers, who constantly
refine their methods for transporting illegal narcotics from
country to country." United States v. Carvajal, 924 F. Supp. 2d
219, 224 (D.D.C. 2013). Congress enacted the MDLEA "to facilitate
increased enforcement by the Coast Guard of laws relating to the
importation of controlled substances." §§ 1-4, Pub. L. 96-350, 94
Stat. 1159. The MDLEA recognizes explicitly that "controlled
substances aboard vessels is a serious international problem, is
universally condemned, and presents a specific threat to the
security and societal well-being of the United States." 46 U.S.C.
§ 70501.

Among other things, the MDLEA prohibits individuals onboard
vessels subject to the jurisdiction of the United States from

possessing with intent to distribute any controlled substance, or
to destroy property subject to forfeiture pursuant to the
Comprehensive Drug Abuse Prevention and Control Act of 1970. 46
U.S.C. § 70503(a). First time offenders of the MDLEA are punished
as provided in 21 U.S.C. § 960.[2] 46 U.S.C. § 70506(a).
Accordingly, because Espinal and Batista conspired to possess with
intent to distribute in excess of five kilograms of cocaine, they
are subject to a mandatory minimum term of imprisonment of ten
years pursuant to 46 U.S.C. § 70506 (a) and 21 U.S.C. § 960. The
parties dispute whether the Court may impose a sentence below the
mandatory minimum pursuant to the safety valve.

**III. The Statutory Safety Valve  – Section 3553(f)**

Congress enacted section 3553(f) pursuant to the Mandatory
Minimum Sentencing Reform Act of 1994. 18 U.S.C. § 3553(f). In
enacting section 3553(f), Congress intended to

> permit a narrow class of defendants, those who are the
> least culpable participants in such offenses, to receive
> strictly regulated reductions in prison sentences for
> mitigating factors currently recognized under the
> federal sentencing guidelines.

H.R. No. 103-460 (1994). The statutory safety valve serves to
"mitigate the harsh effect of mandatory minimum sentences on first-

---

[2] All subsequent offenses of section 70503 are punishable pursuant to 21 U.S.C.
§ 963. 46 U.S.C. § 70506(a). Simple possession of controlled substances on a
vessel subject to the jurisdiction of the United States entails a civil penalty
of no more than $5,000 for each violation. Id. § 70506(c)(1).

time, low-level offenders in drug trafficking schemes." United

States v. Padilla-Colón, 578 F.3d 23, 30 (1st Cir. 2009) (internal

citation and quotation omitted).

Defendants seeking to avail themselves of the statutory

safety valve must satisfy five requirements.  18 U.S.C. § 3553(f).

The defendant must demonstrate that:

> (1)  [he or she] does not have more than 1 criminal
>      history point, as determined under the sentencing
>      guidelines;
>
> (2)  [he or she] did not use violence or credible threats
>      of violence or possess a firearm or other dangerous
>      weapon (or induce another participant to do so) in
>      connection with the offense;
>
> (3)  the offense did not result in death or serious
>      bodily injury to any person;
>
> (4)  [he or she] was not an organizer, leader, manager,
>      or supervisor of others in the offense, as
>      determined under the sentencing guidelines and was
>      not engaged in a continuing criminal enterprise, as
>      defined in section 408 of the Controlled Substances
>      Act [21 USCS § 848]; and
>
> (5)  not later than the time of the sentencing hearing,
>      [he or she] has truthfully provided to the
>      Government all information and evidence the
>      defendant has concerning the offense or offenses
>      that were part of the same course of conduct or of
>      a common scheme or plan, but the fact that [he or
>      she] has no relevant or useful other information to
>      provide or that the Government is already aware of
>      the information shall not preclude a determination
>      by the court that [he or she] has complied with
>      this requirement.

18 U.S.C. § 3553(f). Satisfaction of every requirement is a precondition for the Court to disregard the applicable mandatory minimum sentence. See, e.g., United States v. Matos, 328 F.3d 34, 44 (1st Cir. 2003) ("Congress designed the safety valve statute, 18 U.S.C. § 3553(f), with the view that a defendant who satisfies the first four prongs of the statute must prove himself deserving of the safety valve by providing true and complete information to the government prior to the commencement of his sentencing hearing" pursuant to the fifth prong). The trial court must render factual findings concerning each requirement before determining whether to disregard the mandatory minimum sentence. United States v. Harakaly, 734 F.3d 88, 98 (1st Cir. 2013).

Satisfying the five requirements, however, is a pyrrhic victory in terms of the mandatory minimum sentence if the offense of conviction falls beyond the scope of section 3553(f). This is so because the statutory safety valve enables courts to set aside mandatory minimum sentences only in "certain cases." 18 U.S.C. § 3553(f). Notably, 18 U.S.C. § 3553(f) provides that:

> [n]otwithstanding any other provision of law, **in the case of an offense under section 401, 404, or 406 of the Controlled Substances Act (21 U.S.C. 841, 844, 846) or section 1010 or 1013 of the Controlled Substances Import and Export Act (21 U.S.C. 960, 963)**, the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 **without regard to any statutory minimum sentence.**

(Emphasis added).  <u>See also</u> U.S.S.G. § 5C1.2(a).  Should the sentencing court find that the defendant fulfilled each of the five requirements and that the offense of conviction is safety valve-eligible, application of the safety valve is obligatory. <u>United States v. Ortiz-Santiago</u>, 211 F.3d 146, 152 (1st Cir. 2000) ("Congress provided in clear language that, if a defendant satisfies the statutory criteria (virtually all of which are objective), the court shall disregard the mandatory minimum and fashion the sentence accordingly.").

## IV.  The Statutory Safety Valve Does Not Apply to the MDLEA as a Matter of Law

Espinal and Batista contend that they may avail themselves of the statutory safety valve despite the fact that section 3553(f) does not enumerate Title 46 offenses.  (Docket No. 138 at p. 3; Docket No. 142 at p. 4.)  The statutory safety valve applies, they argue, because section 3553(f) references section 960 — the same statutory provision that sets forth the penalties for violations of the MDLEA pursuant to 46 U.S.C. § 70506(a).  <u>Id.</u>  Defendants' arguments are unavailing.  A statutory construction of sections 3553(f) and 960 compels the Court to conclude that the safety valve is inapplicable to MDLEA offenses.

A.    **Section 3553(f)**

Espinal and Batista request that the Court augment the list of enumerated offenses in section 3553(f) by including MDLEA offenses. (Docket Nos. 138 and 142.) "In interpreting the meaning of the statute, [the Court's] analysis begins with the statute's text." United States v. Vidal-Reyes, 562 F.3d 43, 50 (1st Cir. 2009). "[I]f the meaning of the text is unambiguous" the Court's interpretive task ends, and the Court must apply the statute's plain meaning. See Correa-Ruiz v. Fortuño, 573 F.3d 1, 9 (1st Cir. 2009).

Section 3553(f) enumerates specific offenses that are eligible for safety valve relief. None of the offenses enumerated in section 3553(f) is an offense pursuant to the MDLEA. "The maxim 'expressio unius est exclusion alterius' – which translates roughly as 'the expression of one thing is the exclusion of other things' is a venerable canon of statutory construction, and that maxim is directly applicable here." See, e.g. United States v. Hernández-Ferrer, 599 F.3d 63, 67-68 (1st Cir. 2010) (holding that "when Congress explicitly allows for tolling in a particular circumstance, there is a strong presumption that Congress did not intend to allow tolling in other circumstances") (internal citation omitted.) Had Congress intended the statutory safety valve to encompass MDLEA offenses, Congress could have so stated

when it enacted section 3553(f). It is apparent that by
enumerating only certain offenses in section 3553(f), Congress
manifested an intent to exclude offenses not listed in the statute.
See United States v. Philips, 382 F.3d 489, 499 (5th Cir. 2004)
(holding that "safety valve provision does not apply to a § 860
offense," and concluding that "the safety valve is explicitly
limited to the following offenses: 21 U.S.C. §§ 841, 844, 846, 960
and 963.");[3] see also López v. Soto-Hawayek, 175 F.3d 170, 173
(1st Cir. 1999) ("Congress intended all words and provisions
contained within a statute to have meaning and effect, and we will
not readily adopt any construction that renders such words or
phrases meaningless, redundant, or superfluous"). The Court will
not subvert legislative intent by expanding the list of enumerated
offenses in section 3553(f).

Espinal and Batista assert that application of the
statutory safety valve to MDLEA offenses is necessary to "avoid
the absurd result under which MDLEA defendants are subject to more

_____

[3] See also United States v. McQuilkin, 78 F.3d 105, 108 (3rd Cir. 1996) ("In
clear and unambiguous language, therefore, 18 U.S.C. § 3553(f) does not apply
to convictions under 21 U.S.C. § 860, the 'schoolyard' statute."); United States
v. Koons, 300 F.3d 300, 993 (8th Cir. 2002) ("Congress specified particular
offenses for which a § 3553(f) reduction may be considered, and § 860 is not
listed as one of them."); United States v. Kakatin, 214 F.3d 1049, 1051 (9th
Cir. 2000) (holding that "Congress reasonably could have intended that the
safety valve be available to those convicted of violating § 841, but not be
available to those convicted of committing the more serious § 860 offense");
United States v. Anderson, 200 F.3d 1344, 1348 (11th Cir. 2000) (holding that
because "the selection of these five statutes [in section 3553(f)] reflects an
intent to exclude others [. . .] a defendant convicted and sentenced for
violating section 860 is not eligible for the 'safety valve'").

severe punishment that [sic] defendants who commit equivalent
offenses in domestic waters." (Docket No. 138 at p. 4; See Docket
No. 142 at p. 4.)   Defendants premise this argument on the
assumption that Congress inadvertently omitted MDLEA offenses from
section 3553(f).  The Court rejects this flawed assumption because
it conflicts with the legislative history of the MDLEA.

President Ronald Reagan signed the MDLEA into law in
1986, eight years before Congress enacted the statutory safety
valve.  See Pub. L. 99-570, 100 Stat. 3207; United States v.
Montanez, 82 F.3d 520, 522 (1st Cir. 1996) (Congress enacted the
statutory safety valve in 1994 to grant sentencing relief for "less
culpable street dealers or 'mules' who merely transport drugs.").
Although the MDLEA was already in existence when Congress enacted
the statutory safety valve, Congress excluded MDLEA offenses from
section 3553(f) along with a multitude of other offenses requiring
the imposition of mandatory minimum sentences.  Legitimate reasons
exist for excluding the MDLEA from section 3553(f).   As the
Eleventh Circuit Court of Appeals has observed:

> Congress may have viewed transnational drug trafficking
> as more serious threat than domestic drug trafficking.
> These reasons include transnational drug trafficking's
> potential to facilitate and fund transnational crime and
> terrorism, destabilize and spread violence throughout
> the international community, proliferate and stimulate
> domestic drug trafficking, and bypass and undercut
> domestic drug crime prevention efforts.

United States v. Guizamano-Cortés, No. 17-13819, 2018 U.S. App. LEXIS 9391 at *1 (11th Cir. Apr. 12, 2018) (rejecting defendant's argument that "Congress had no reasonable basis for distinguishing between offenses of Title 21 and Title 46" regarding section 3553(f)).

A comparison of section 3553(f) and the substantial assistance provision set forth in 18 U.S.C. § 3553(e) ("section 3553(e)") bolsters the Court's conclusion that the statutory safety valve is inapplicable to the MDLEA.[4] Similar to section 3553(f), the substantial assistance provision permits courts to impose a sentence below the relevant mandatory minimum in certain instances. 18 U.S.C. § 3553(e). See United States v. Ahlers, 305 F.3d 54, 58 (1st Cir. 2012) ("[W]e compare the language of section 3553(e) (the provision at issue in this case) with the language of section 3553(f) (the only other proviso in section 3553 dealing with mandatory minimum sentences".) Unlike section 3553(f), section 3553(e) sets no limit to the offenses that fall within its purview. 18 U.S.C. § 3553(e). That section 3553(e) does not

---

[4] 18 U.S.C. § 3553(e) provides that:

Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

contain language limiting its application underscores the proposition that Congress tailored section 3553(f) for a discrete set of drug-related offenses, none of which is an MDLEA offense.

**B.  Section 960**

Espinal and Batista attempt to circumvent the text of section 3553(f) by relying on the statute's reference to section 960.  Both argue that "individuals convicted under the MDLEA are eligible for safety-valve sentencing relief under § 3553(f) because violations of the MDLEA are punished in accordance with the penalties set forth in 21 U.S.C. § 960(b)." (Docket No. 138 at p. 4; See Docket No. 142 at p. 4.)  According to Espinal and Batista, an "offense under" section 960 includes offenses pursuant to the MDLEA.  Espinal and Batista misconstrue section 960.

Section 960 consists of two sections:  "unlawful acts" in subsection (a) and "penalties" in subsection (b).  21 U.S.C. § 960(a)—(b).  Section 960(a) enumerates various controlled

substance offenses. 21 U.S.C. § 960(a).[5] Section 960(b)

prescribes penalties in differing degrees of severity for

violations of section 960(a), depending on the type and quantity

of controlled substance underlying the conviction. 21 U.S.C.

§ 960(b). In accordance with 42 U.S.C. §§ 70506, 960(b) governs

Espinal and Batista's sentences stemming from their convictions

for the MDLEA offenses.

Espinal and Batista seize on the MDLEA's cross-reference

to section 960. (Docket No 138 at p. 4; Docket No. 142 at p. 4.)

They predicate their argument on a *non-sequitur*: because the MDLEA

incorporates by reference the penalties provided in section 960,

and the safety valve in section 3553(f) applies to offenses

committed pursuant to section 960, the safety valve must be

available to those who violate the MDLEA. (Docket Nos. 138 and

142.)

---

[5] Pursuant to 21 U.S.C. § 960(a):

Any person who —

(1) contrary to section 305, 1002, 1003, or 1007 [21 USCS § 825, 952, 953 or 957], knowingly or intentionally imports or exports a controlled substance,

(2) contrary to section 1005 [21 USCS § 955], knowingly or intentionally brings or possesses on board a vessel, aircraft, or vehicle a controlled substance, or

(3) contrary to section 1009 [21 USCS § 959], manufactures, possesses with intent to distribute, or distributes a controlled substance,

  shall be punished as provided in subsection (b).

But MDLEA offenses are not section 960 offenses. Section 960 makes no reference to the MDLEA despite enumerating several drug-related offenses, including the prohibition of controlled substances "on board any vessel or aircraft [. . .] arriving or departing from the United States." 21 U.S.C. § 960(a) (citing 21 U.S.C. § 955). In 1970, Congress enacted section 960 as a component of the Comprehensive Drug Abuse Prevention and Control Act. P.L. 91-513 (Oct. 27, 1970). Following the passage of the MDLEA in 1986, Congress repeatedly omitted MDLEA offenses from section 960. Indeed, Congress amended section 960(a) two years after enacting the MDLEA, and again in 1990.[6] In both instances and in all subsequent amendments, Congress refrained from listing any MDLEA offense in section 960. The consistent lack of reference to MDLEA offenses in section 960 reinforces the Court's conclusion that no MDLEA offense may be properly considered as a section 960 offense for purposes of the statutory safety valve. The MDLEA appropriates the penalties set forth in section 960, but it is not an offense pursuant to section 960.

---

[6] In 1988, Congress amended section 960(a)(3) by substituting "manufactures, possesses with intent to distribute, or distributes a controlled substance" for "manufactures or distributes a controlled substance." P.L. 100-690 (Nov. 18, 1988). Moreover, in 1990 Congress revised the punctuation in 960(b) and replaced the misspelled word "suspervised [sic]" with "supervised." P.L. 101-647 (Nov. 29, 1990).

The First Circuit Court of Appeals has not addressed directly whether a defendant convicted of an MDLEA offense is eligible for safety valve relief pursuant to section 3553(f).[7] The Ninth and Eleventh Circuit Court of Appeals, however, have rejected arguments identical to those advanced by Espinal and Batista. United States v. Gamboa-Cardenas, 508 F.3d 491 (9th Cir. 2007) ("The safety valve provision in 18 U.S.C. § 3553(f) does not apply to offenses under [the MDLEA]."); United States v. Pertuz-Pertuz, (11th Cir. 2012) (The "plain text of the statutes shows that convictions under Title 46 of the U.S. Code – like Defendants – entitle a defendant to no safety-valve sentencing relief.").[8]

In Pertuz-Pertuz, the Eleventh Circuit Court of Appeals concluded, as this Court has, that application of section 3553(f)

---

[7] Espinal and Batista cite United States v. Bravo, 489 F.3d 1 (1st Cir. 2007), for the proposition that "the First Circuit has already implicitly determined that the safety valve provision applies to Title 46 offenses." (Docket No. 138 at p. 4; Docket No. 142 at p. 2.) Although Bravo involved a defendant convicted of an MDLEA offense, this precedent is inapposite. See 489 F.3d 1. The First Circuit Court of Appeals merely held that the trial court failed to articulate its reasons for denying safety valve relief pursuant to section 3553(f) without addressing whether the statutory safety valve encompasses the MDLEA. Id. See also United States v. Rodríguez-Durán, 507 F.3d 749, 773 (finding no error when the district court denied safety valve relief pursuant to section 3553(f) in a MDLEA criminal action). On remand, the trial court in Bravo again denied defendant's request for a sentence below the mandatory minimum pursuant to section 3553(f). United States v. Bravo-Alfre, No. 04-205, Docket No. 274 (D.P.R. Aug. 10, 2007) (Fusté, J.).

[8] The United States District Court for the District of Columbia joined the Ninth and Eleventh Circuit Courts of Appeals in holding "that the plain language of the MDLEA and 18 U.S.C. § 3553(f) unambiguously foreclose safety-valve relief for defendants convicted under the substantive or conspiracy provision of [the] MDLEA." United States v. Mosquera-Murillo, 172 F. Supp. 3d 24, 33 (D.D.C. 2016).

is limited to specifically enumerated offenses.  Id. at 1328.  The

defendant in Pertuz-Pertuz violated the MDLEA, and was precluded

from seeking safety valve relief pursuant to section 3553(f)

because "by its terms, the 'safety valve' provision applies only

to convictions under five specified offenses." Id.  The defendant,

nevertheless, argued that section 3553(f) applied "because the

[MDLEA] offenses for which he was convicted reference the penalty

provisions of 21 U.S.C. § 960: section 960 is specifically listed

in the safety-valve statute."  Id.  This Court concurs with the

Eleventh Circuit Court of Appeals that while section 3553(f) refers

to an "offense under" section 960, it does not include "offenses

penalized under" section 960.  Id.

       In sum, the statutory safety valve is inapplicable to

the MDLEA as a matter of law.  Accordingly, neither section 3553(f)

nor section 960 provides a basis for this Court to sentence Espinal

and Batista below the ten-year mandatory minimum sentence

applicable to the MDLEA offense charged in count one of the

indictment.

**IV.  The Two-Level Reduction in U.S.S.G. § 2D1.1(b)(17)**

       Because the statutory safety valve in section 3553(f) is

unavailable to Espinal and Batista, only section 2D1.1(b)(17)

remains as a potential ground for this Court to reduce Espinal and

Batista's guidelines offense level.  Section 2D1.1(b)(17) states

that a defendant who satisfies the requirements set forth in

section 5C1.2 is entitled to a two-level reduction in his or her

total offense level.  U.S.S.G. § 2D1.1(b)(17).  Section 5C1.2, for

its part, "sets forth the relevant provisions of 18 U.S.C.

§ 3553(f)."  Section 5C1.2(a) provides that:

> Except as provided in subsection (b), in the case of an
> offense under 21 U.S.C. § 841, § 844, § 846, § 960, or
> § 963, the court shall impose a sentence in accordance
> with the applicable guidelines **without regard to any
> statutory minimum sentence**, if the court finds that the
> defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-
> (5).  U.S.S.G. § 5C1.2 (emphasis added).

Background Note to U.S.S.G. § 5C1.2.  The United States Sentencing

Commission promulgated section 5C1.2 and its corresponding

Application Notes "to provide guidance in the application of 18

U.S.C. § 3553(f)."  Id.  The MDLEA is absent from the list of

qualifying offenses in section 5C1.2(a).

Contrary to the statutory safety valve, section 2D1.1(b)(17)

does not grant courts the discretion to disregard applicable

mandatory minimum sentences.  Compare U.S.S.G. § 2D1.1(b)(17),

with 18 U.S.C. 3553(f) ("[T]he court shall impose a sentence

pursuant to guidelines promulgated by the United States Sentencing

Commission under section 994 of title 28 without regard to any

statutory minimum sentence.").  Section 2D1.1(b)(17) provides that

when "a defendant meets the criteria set forth in subdivisions

(1)—(5) of subsection (1) of § 5C1.2 (Limitation of Applicability

for Statutory Minimum Sentences in Certain Cases), decrease by 2
levels."[9]  U.S.S.G. § 2D1.1(b)(17).  Section 2D1.1(b)(17) does not
limit the offenses to which the two-level reduction may apply if
a defendant meets the five criteria set forth in U.S.S.G. section
5C1.2 (1-5), id., but does not include the phrase "without regard
to any statutory minimum sentence."

     While a defendant convicted of an MDLEA offense cannot receive
a sentence below the applicable mandatory minimum pursuant to the
statutory safety valve, the same defendant may be eligible for a
two-level reduction pursuant to section 2D1.1(b)(17) of the
federal sentencing guidelines.  See Pertuz-Pertuz, 679 F.3d at
1327 (affirming sentence imposed in a MDLEA criminal action that
denied safety valve relief  pursuant to section 3553(f) but granted
defendant a two-level reduction pursuant section 2D1.1(b)(17));
United States v. Pushania, 705 Fed. Appx. 853, 855 (11th Cir.
Aug, 15, 2017) ("Pushania's offense of conviction [pursuant to the
MDLEA] does not bar application of the reduction under §
2D1.1(b)(17)."); see generally, United States v. Trinidad, 839
F.3d 112 (5th Cir. 2016) (affirming sentence in which the district
court granted a two-level reduction to a defendant convicted of

---

[9] The federal sentencing guidelines specify that section 2D1.1(b)(17) may apply
"without regard to whether the defendant was convicted of an offense that
subjects the defendant to a mandatory minimum term of imprisonment."
Application Note to U.S.S.G. § 2D1.1(b)(17).

violating the MDLEA pursuant to section 2D1.1(b)(17) without further analysis). Indeed, the United States "concedes that a defendant *may* qualify for a 2-level reduction pursuant to U.S.S.G. § 2D1.1(b)(17)," but argues that Espinal and Batista fail to satisfy the five requirements in section 5(C)1.2(a)(1)—(5) that are necessary for a defendant to quality for a two-level reduction. (Docket No. 143 at p. 2.)

The Court reserves judgment on whether Espinal and Batista have satisfied the five requirements that would entitle them to a two-level reduction in their respective guidelines offense levels pursuant to section 2D1.1(b)(17). Any reduction pursuant to section 2D1.1(b)(17), however, will have no effect on the applicable statutorily required minimum sentence that this Court must impose on Espinal and Batista because section 2D1.1(b)(17) does not include the phrase "without regard to any statutory minimum sentence."

**V. Conclusion**

For the reasons set forth above, the Court **DENIES** Espinal's and Batista's motions for application of the statutory safety valve provision, and reserves judgment regarding the two-level reduction in section 2D1.1(b)(17). (Docket Nos. 138 and 142.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, May 30, 2018.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE